IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DENNIS FLEETE WHITE | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-100 |
| | § | |
| WARDEN, FCI BEAUMONT LOW | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Dennis Fleete White, an inmate currently confined at FCI Beaumont Low, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner challenges sanctions imposed upon him by the Disciplinary Hearing Officer ("DHO") and the Warden at FCI Beaumont Low (doc # 1). Petitioner complains that the sanctions imposed upon him are illegal, unconstitutional, violate his due process rights, and violate the BOP Program Statement. *Id*. Petitioner requests that his good conduct time be restored and that all encumbrances on his trust fund be removed. *Id.*

Respondent was ordered to show cause and filed a Motion to Dismiss, or alternatively, a Motion for Summary Judgment on May 27, 2022 (doc. # 5). Respondent argues Petitioner has failed to exhaust his administrative remedies. *Id*. In addition, Respondent argues that Petitioner's request to have the encumbrance removed from his trust fund account would not accelerate his release from confinement and is, thus, not appropriate for consideration in a habeas petition. *Id*.

Standard of Review

Summary judgment is proper if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52.

In making this determination, the court must consider the records as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The court may not weigh the evidence or evaluate the credibility of witnesses. *Id*. Furthermore, affidavits or declarations "must be made on personal knowledge, [shall] set out facts that would be admissible in evidence, and [shall] show that the affiant or declarant is competent to testify to the matters stated." FED. R. CIV. P. 56(c)(4); *see also Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot consider hearsay evidence in affidavits and depositions). Unauthenticated and unverified documents do not constitute proper summary judgment evidence. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Colotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec., Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. FED. R. CIV. P. 56(c)(1); *Anderson*, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise

a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451. "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed." *Anderson*, 477 U.S. at 250-51.

## Analysis

*Trust Fund Encumbrances*

A petition for writ of habeas corpus is the appropriate means for a prisoner to challenge the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Jackson v. Johnson*, 475 F.3d 261, 263 n. 2 (5th Cir. 2007); *Cook v. TDCJ Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). On the other hand, a civil rights action is an appropriate remedy for recovering damages resulting from illegal administrative procedures or the conditions of confinement. *Richardson v. Fleming*, 651 F.2d 366, 372 (5th Cir. 1981). To determine whether a prisoner must pursue habeas corpus relief rather than a civil rights action, the court must consider whether the prisoner challenges the fact or duration of his confinement, or merely the rules, customs, and procedures affecting the conditions of his confinement. *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987). If "a favorable determination would not automatically entitle [the prisoner] to accelerated release," he may not utilize habeas corpus procedures and must instead vindicate his rights through a properly filed civil rights proceeding. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam), *cert. denied*, 516 U.S. 1059, 116 S.Ct. 736, 133 L.Ed.2d 686 (1996)).

Petitioner's claim with respect to the trust fund encumbrances, implicates the conditions of his confinement rather than his conviction or sentence. Because Petitioner's claim relating to the removal of the trust fund encumbrances has no effect on the duration of his confinement and success in this proceeding would not entitle him to accelerated release, Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2241; *see also Birl v. Thaler*, 470 F. App'x 362, 363 (5th Cir. 2012) (holding that "[p]risoner's claim alleging deprivations of property interest without due process of law are cognizable under § 1983" and that, "in instances in which a petition combines claims that should be

asserted in habeas with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so, entertaining the § 1983 claims") (not designated for publication). Thus, Petitioner must pursue his claims by filing a *Bivens* type action.[1]

In this case, it would not further the interests of justice to construe this request as asserting a claim pursuant to *Bivens*. Allowing Petitioner to prosecute this action based on the payment of the $5.00 filing fee applicable to petitions for writ of habeas corpus instead of the $350.00 filing fee applicable to civil actions would allow Petitioner to circumvent the filing fee requirements of the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915. Accordingly, Petitioner's claims regarding the conditions of his confinement should be dismissed without prejudice. If Petitioner wishes to pursue his claims, he may do so by filing a civil rights action pursuant to *Bivens* and pay the $350 filing fee or request leave to proceed *in forma pauperis*.[2]

*Loss of Good Conduct Time*

A district court has the authority to grant a writ of habeas corpus if a prisoner is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241. Although the statute does not explicitly require prisoners to exhaust available administrative remedies before filing a petition, the United States Court of Appeals for the Fifth Circuit has held that prisoners must exhaust available administrative remedies before seeking relief in court. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). In order to satisfy the exhaustion requirement, "a prisoner must complete the administrative process in accordance with applicable procedural rules . . . ." *Woodford v. Ngo*, 548 U.S 81, 90-91 (2006). As a result, inmates must exhaust their administrative remedies in a procedurally correct manner. *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010).

The BOP administrative remedy procedures, set forth in Title 28 C.F.R. §§ 542.10-542.19, provide formal review of any complaint which relates to any aspect of the inmate's confinement.

---

[1] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

[2] The undersigned makes no determination as to whether Petitioner properly exhausted this claim.

Informal resolution is first attempted, and if it proves unsuccessful, then the inmate may file a formal complaint with the warden. *See* 28 C.F.R. §§ 542.13-542.14. Informal resolution is referred to as a BP-8, while the formal complaint to the warden is referred to as a BP-9. *Huff v. Neal*, 555 F. App'x 289, 293 (5th Cir. 2014) (not designated for publication). If the inmate is not satisfied with the warden's response, he may appeal the response to the regional director. 28 C.F.R. § 542.15(a). This is referred to as a BP-10. *Huff*, 555 F. App'x at 293. If the inmate is dissatisfied with the regional response, he may file a national appeal with the Office of General Counsel in Washington, D.C. 28 C.F.R. § 542.15(a). Appeal to the Office of General Counsel is the final administrative appeal within the BOP. *Id*. This final step is referred to as a BP-11. *Huff*, 555 F. App'x at 293. If an inmate does not receive a response within the time allotted for a reply, the absence of a response is considered a denial at that level. 28 C.F.R. § 542.18.

Here, Respondent argues Petitioner failed to properly exhaust his claims with respect to his good conduct time as he (1) failed to file an informal request and (2) did not contest this sanction in his BP-9, BP-10, or BP-11. Without making any determination as to whether Petitioner properly filed a BP-8 informal resolution attempt, the undersigned finds Petitioner did, in fact, fail to challenge the loss of his good conduct time in the administrative remedy appeals process. Petitioner's own exhibits show this to be true. *See* Exhibits, pg. 13 (doc. # 1). In his BP-9, Petitioner states, "[t]he 41-days of lost good time was sufficient from the DHO, and fit the nature of the crime. I am asking you to leave the DHO finds [sic] as is (alone), and for you to withdraw your sanction of encumbrance which amounts to cruel and unusual punishment." It is clear Petitioner failed to challenge his loss of good conduct time and failed to afford the BOP the opportunity to rectify any error. This claim should be denied for failure to exhaust administrative remedies.

## Recommendation

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 should be dismissed. Petitioner's claim with respect to trust fund encumbrances is dismissed as not a proper

request for habeas relief. Petitioner may reassert this claim in a *Bivens*-complaint if he so chooses. Petitioner's claim with respect to the loss of good conduct time is dismissed as unexhausted.

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 31st day of January, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE